UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONELLE SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:23-cv-01685-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY [1]<br><br>(Doc. Nos. 13, 15) |

Jonelle Smith ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 13, 15). For the reasons set forth more fully below, the Court denies Plaintiff's motion for summary judgment, grants Defendant's cross motion for summary judgment, and affirms the Commissioner's decision.

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 12).

## I.   JURISDICTION

Plaintiff protectively filed for disability insurance benefits on August 3, 2021, alleging an onset date of March 24, 2020.  (AR 151-52).  Benefits were denied initially (AR 48-57, 72-77), and upon reconsideration (AR 58-66, 79-84).  Plaintiff appeared before an Administrative Law Judge ("ALJ") in an online video hearing on May 23, 2023.  (AR 31-47).  Plaintiff was represented by counsel, and testified at the hearings.  (*Id.*).  On June 5, 2023, the ALJ issued an unfavorable decision (AR 14-30), and on November 14, 2023 the Appeals Council denied review (AR 1-6).  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.   BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 38 years old at the time of the hearing.  (AR 36-37).  She completed twelfth grade.  (AR 36).  She lives with her parents.  (AR 36).  Plaintiff has work history as a security guard.  (AR 37, 45).  Plaintiff testified that she is unable to work because of bipolar disorder and anxiety.  (AR 37).  She reported she has had mental health issues for "pretty much" her whole life, but it became a "real issue" when she had a manic episode in 2020 when she had verbal altercations with people and was "behaving erratically."  (AR 36, 39-41).  Plaintiff testified in the past year she has had more than three "bad days" per month.  (AR 44).

## III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.     FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

////

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.  ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of March 24, 2020 through her date last insured of March 31, 2021. (AR 19). At step two, the ALJ found that, through the date last insured, Plaintiff had the following severe impairments: bipolar disorder; post-traumatic stress disorder (PTSD); and anxiety. (AR 19). At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (AR 20). The ALJ then found that, through the date last insured, Plaintiff had the RFC to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: capable of performing simple routine tasks; occasional interaction with supervisors, coworkers, and the public; no production-paced work such as work on an assembly line or in a fast food restaurant during meal times; could maintain attention and concentration for two-hour increments with normal breaks.

(AR 21). At step four, the ALJ found that, through the date last insured, Plaintiff was unable to perform any past relevant work. (AR 25). At step five, the ALJ found that, through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including industrial cleaner, lot attendant, and sandwich maker. (AR 25-26). On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from March 24, 2020, the alleged onset date, through March 31, 2021, the date last insured. (AR 26).

////

////

**VI.   ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review: whether the ALJ properly considered Plaintiff's testimony regarding her symptom claims. (Doc. No. 13 at 3-9).

**VII.   DISCUSSION**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

////

////

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. (AR 22).

First, the ALJ noted "significant gaps" in Plaintiff's treatment history "which is not consistent with disabling levels of symptoms." (AR 22). In support of this finding, the ALJ noted that after 2017 Plaintiff did not seek out treatment until June 2020, and again failed to seek treatment from August 2020 until February 2021. (AR 22-23). Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Plaintiff argues, without citation to legal authority, that "minimal treatment" before Plaintiff's alleged onset date of March 2020 is irrelevant as it was outside the relevant adjudicatory period, and the additional treatment gap is "not significant." (Doc. No. 13 at 6). Plaintiff is correct that, generally, evidence outside the "actual period at issue" is of limited relevance. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010). However, the Court's review of the record indicates Plaintiff only sought treatment on three separate occasions during the relevant adjudicatory period. (*See* AR 228 (treatment in August 2020), 230 (treatment in February 2021), 261 (treatment in June 2020)). It was reasonable for the ALJ to consider significant gaps in treatment between Plaintiff's alleged onset date of March 24, 2020 and her date last insured of March 31, 2021 as a reason to discount her symptom claims.

Plaintiff also argues a gap in treatment is not a sufficient reason to reject Plaintiff's testimony because her claimed symptoms include "rage, sporadic sleep, poor concentration, lack of motivation, anxiety, difficulty staying on a schedule and occasional auditory hallucinations and constant nightmares," and the Ninth Circuit has "criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." (Doc. No. 13 at 6 (citing *Regennitter v. Comm'r of Soc. Sec. Admin.*,

1    166 F.3d 1294, 1299-1300 (9th Cir. 1999)).  However, as support for this argument Plaintiff cites
2    only her own reported symptoms at treatment visits largely outside of the relevant adjudicatory
3    period.  (*Id*. at 6 (citing AR 226, 230, 237, 252, 259-60).  Moreover, when there is no evidence
4    suggesting a failure to seek treatment is attributable to a mental impairment rather than personal
5    preference, it is reasonable for the ALJ to conclude that the level or frequency of treatment is
6    inconsistent with the level of complaints.  *Molina v. Astrue*, 674 F.3d 1101, 1113-14 (9th Cir.
7    2012).  Here, as discussed *supra*, there is very little evidence of mental health treatment during
8    the relevant period, nor does Plaintiff cite specific evidence that any failure to seek treatment was
9    attributable to a mental impairment.  For all of these reasons, Plaintiff's failure to seek treatment
10   during the relevant adjudicatory period was a clear and convincing reason for the ALJ to reject
11   her symptom testimony.
12        Second, the ALJ found that "[g]iven the claimant's allegations of totally disabling
13   symptoms, one might expect to see some indication in the treatment records of restrictions placed
14   on the claimant by the treating doctor.  Yet a review of the record in this case reveals no
15   restrictions recommended by the treating doctor through her date last insured of March 31, 2021."
16   (AR 23).  Plaintiff generally argues, without citation to legal authority, that her treatment records
17   include "signs and symptoms" noted by treating physicians that are consistent with her testimony,
18   and whether a treating physician specifically addresses her functional limitations is not relevant to
19   considering her symptom claims.  (Doc. No. 13 at 6-7).  However, as here, contradiction with the
20   relevant medical record is a sufficient basis for rejecting a claimant's subjective testimony.
21   *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995); *Carmickle v. Comm'r Soc. Sec. Admin*.,
22   533 F.3d 1155, 1161 (9th Cir. 2008); *see also Keener v. Comm'r of Soc. Sec*., 2023 WL 4424671,
23   at *13 (E.D. Cal. July 10, 2023) (noting no medical opinions opine greater limitations than those
24   included in the RFC, and finding this inconsistency a sufficient reason to discount Plaintiff's
25   testimony of totally debilitating symptoms); *Edna v. Saul*, 2020 WL 1853312, at *8 (S.D. Cal.
26   Apr. 13, 2020) (lack of medical opinion finding Plaintiff disabled was a clear and convincing
27   reason to reject Plaintiff's subjective allegations).
28        ////

       Third, the ALJ noted that Plaintiff acknowledged improvement with her medication in July 2021.  (AR 22, 235).  The effectiveness of medication and treatment is a relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. § 416.929(c)(3) (2011); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits) (internal citations omitted); *see also Tommasetti*, 533 F.3d at 1040 (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).  Plaintiff acknowledges there is "some mention of improvement with medication," but argues the ALJ fails to account for "continued notations regarding signs and symptoms of [Plaintiff's] mental health."  (Doc. No. 13 at 8).  Defendant concedes that treatment record cited by the ALJ in support of this finding is outside the relevant period, but argues it is permissible for the ALJ to consider improvement in Plaintiff's symptom claims with treatment.  (Doc. No. 15 at 6-7).  Regardless, the Court finds the ALJ's reliance on a single report of improvement does not rise to the level of substantial evidence to support discounting Plaintiff's symptom claims because they improved with medication.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883-84 (9th Cir. 2006) ("single discrepancy fails to justify the wholesale dismissal of Plaintiff's testimony.").  However, any error is harmless because, as discussed above, the ALJ's ultimate rejection of Plaintiff's symptom claims was supported by substantial evidence.  *See Carmickle*, 533 F.3d at 1162-63.

       Finally, as noted by Defendant,[2] the ALJ considered the limited treatment records during the adjudicatory period and noted they observed lack of eye contact, reported irritation and lack of motivation, difficulty talking about her feelings, and passive suicidal ideation prior to seeking treatment, and further noted that a few months after Plaintiff's date last insured she was noted to

---

[2] Defendant also appears to argue the ALJ considered Plaintiff's work history in evaluating her symptom claims.  (Doc. No. 15 at 7).  However, the portion of the decision cited by Defendant in support of this argument is the ALJ's finding at step one of the sequential evaluation process that plaintiff worked after her onset date but it did not rise to the level of substantial gainful activity.  (AR 19).  The Court is not permitted to consider this reasoning as it was not offered by the ALJ as a reason to reject Plaintiff's symptom claim testimony.  *See Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1226 (9th Cir.2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ— not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

present with cooperative behavior, unremarkable psychomotor activity, logical thought process and unremarkable thought content, anxious mood and affect, near normal speech, and fair insight. (Doc. No. 15 at 6; AR 23, 25, 228-30, 235-43, 258-61). Plaintiff failed to identify or challenge these findings in her opening brief; thus, she has waived her opportunity to raise these issues. *Carmickle*, 533 F.3d at 1161 n.2 (court may decline to consider issues not raised with specificity in plaintiff's opening brief); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Regardless, medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain is not supported by objective medical evidence). Here, the ALJ explicitly recognized evidence in the record that could be considered more favorable to Plaintiff and nonetheless found the assessed RFC "was supported by the substantial weight of the objective medical evidence." (AR 25). "[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This was a clear, convincing, and unchallenged reason for the ALJ to discount Plaintiff's symptom claims.

Based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claim testimony.

## VIII.   CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ properly considered Plaintiff's symptom claims. After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED.

2. Defendant's Cross Motion for Summary Judgment (Doc. No. 15) is GRANTED and

the decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.

3. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:     November 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE